**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

ROBERICK ALEXANDER CORDOVA HENRIQUEZ,

        Petitioner,

v.                              CIVIL ACTION NO. 3:26-0426

DAVID VENTURELLA,
Acting Director, United States Immigration and
Customs Enforcement,
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
Acting United States Attorney General,
DAVID KLUEMPER,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
in their official capacities,

        Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Roberick Alexander Cordova Henriquez's Petition

for Writ of Habeas Corpus. *Pet*., ECF No. 1. For the reasons discussed below, the Petition is

**GRANTED**.

Petitioner challenges his current civil immigration detention without an individualized

custody determination and requests immediate release. *Pet*. ¶¶ 2–3, 17–18; *Pet'r's Reply* 1–2, ECF

No. 7. Petitioner was arrested within the interior of the United States, around Huntington, West Virginia, on the morning of June 29, 2026. *Pet.* ¶¶ 15–16.

The Government admittedly presents the same arguments previously rejected by this Court and indicates a hearing on the matter is not necessary. *Gov't's Resp.* 2–3, ECF No. 5. This Court's opinions[1]  are adopted and form the basis for this brief opinion. The Government's arguments have been uniformly rejected by Courts within this District. *See Izaguirre v. Mason*, No. 2:26-CV-00121, 2026 WL 561235, at *3–5 (S.D. W. Va. Feb. 27, 2026) (Goodwin, J.); *Umarov v. Mason*, No. 2:27-cv-00081, 2026 WL 381614, at *5 (S.D. W. Va. Feb. 11, 2026) (Berger, J.); *Briceno Solano v. Mason*, No. 2:26-cv-00045, 2026 WL 311624, at *20 (S.D. W. Va. Feb. 4, 2026) (Johnston, J.). The Court's analysis of the Immigration and Nationality Act and entitlement to due process within it has not changed.

For the previously stated reasons, the Petition, ECF No. 1, is **GRANTED**. Respondents are **ORDERED** to **IMMEDIATELY RELEASE PETITIONER** and to facilitate the prompt return of all property seized incident to Petitioner's detention, including legal documents.

The Court **ORDERS** that Respondents are **PROHIBITED** from re-arresting and detaining Petitioner pending further order of this Court. Respondents are **PERMANANTLY ENJOINED** from imposing any conditions or restraints on Petitioner's liberty (including but not limited to an ankle monitor, curfew, or electronic monitoring) without an individualized assessment of the need for such restraints and a pre-deprivation hearing before a neutral and detached decisionmaker.

The Show Cause Hearing previously scheduled for July 7, 2026, is **CANCELLED**.

---

[1] *See e.g., Linarez Vilchez v. Kluemper*, No. 3:26-0261, 2026 WL 1049282 (S.D. W. Va. Apr. 17, 2026); *Simanca Gonzalez v. Aldridge*, No. 3:26-0055, 2026 WL 313476 (S.D. W. Va. Feb. 5, 2026).

-3-

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented party.

ENTER:        July 2, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE